FILED
CLERK, U.S. DISTRICT COURT

11/19/2024

CENTRAL DISTRICT OF CALIFORNIA
BY:        MMC        DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>JOSE LOUIS MEDINA, JR.,<br>  aka "Johnny Rivera,"<br>  aka "Johnny Omar Rivera,"<br>LUIS EDUARDO PEREZ,<br>ANTHONY RAUL PONCE PADILLA,<br>MANUAL GANDARA,<br>KEIYONCE MONIQUE HALL,<br>EDGAR MARTINEZ MUNOZ, and<br>TAYLIN DANIAL REAMS,<br><br>          Defendants. | CR No. 2:24-CR-00697-PA<br><br>I N D I C T M E N T<br><br>[21 U.S.C. § 846: Conspiracy to Possess with Intent to Distribute Methamphetamine, Fentanyl, and Cocaine; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), (b)(1)(B)(vi), (b)(1)(B)(viii), (b)(1)(C): Possession with Intent to Distribute Methamphetamine, Fentanyl, and Cocaine; 21 U.S.C. § 856(a)(1): Maintaining a Drug Involved Premises; 21 U.S.C. § 860a: Possession with Intent to Distribute Methamphetamine on Premises where a Minor Resides or is Present; 18 U.S.C. § 924(c)(1)(A)(i): Carrying a Firearm During and in Relation to, and Possessing a Firearm in Furtherance of, Drug Trafficking Crimes; 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition; 18 U.S.C. § 924, 21 U.S.C. § 853, 28 U.S.C. § 2461(c): Criminal Forfeiture] |

     The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

[ALL DEFENDANTS]

A.    OBJECTS OF THE CONSPIRACY

Beginning on an unknown date, but no later than on or about March 6, 2022, and continuing until on or about June 30, 2022, in Los Angeles County, within the Central District of California, and elsewhere, defendants JOSE LOUIS MEDINA, JR., also known as ("aka") "Johnny Rivera," aka "Johnny Omar Rivera," LUIS EDUARDO PEREZ, ANTHONY RAUL PONCE PADILLA, MANUAL GANDARA, KEIYONCE MONIQUE HALL, EDGAR MARTINEZ MUNOZ, and TAYLIN DANIAL REAMS conspired with others known and unknown to the Grand Jury to commit offenses against the United States, namely: (1) to knowingly and intentionally possess with intent to distribute at least 50 grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii); (2) to knowingly and intentionally possess with intent to distribute at least 40 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(vi); and (3) to knowingly and intentionally possess with intent to distribute cocaine, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

B.    MANNER AND MEANS OF THE CONSPIRACY

The objects of the conspiracy were to be accomplished, in substance, as follows:

2

1.    Defendants MEDINA and PEREZ would secure and manage stash houses to store, package, and sell drugs.

2.    Defendants MEDINA and PEREZ would recruit others to advertise and sell drugs.

3.    Defendants MEDINA, PEREZ, PADILLA, GANDARA, HALL, MUNOZ, and REAMS would manufacture and package drugs for sale at stash houses.

4.    Defendants MEDINA, PEREZ, MUNOZ, and HALL would advertise drugs for sale, including by using social media accounts.

C.    OVERT ACTS

On or about the following dates, in furtherance of the conspiracy and to accomplish its objects, defendants MEDINA, PEREZ, PADILLA, GANDARA, HALL, MUNOZ, and REAMS, and others known and unknown to the Grand Jury, committed various overt acts in Los Angeles County, within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:    On March 7, 2022, defendants PEREZ and MUNOZ visited a stash house in the Hollywood area of Los Angeles and manufactured pressed pills containing controlled substances for sale.

Overt Act No. 2:    On March 8, 2022, defendants PEREZ and MUNOZ met with drug customers in a stash house in the Hollywood area of Los Angeles and sold controlled substances to the drug customers.

Overt Act No. 3:    On March 9, 2022, defendants MUNOZ and HALL picked up drugs from a stash house in the Hollywood area of Los Angeles to deliver them to drug customers.

Overt Act No. 4:    On March 9, 2022, defendants MEDINA, PADILLA, and MUNOZ met with drug customers in a stash house in the

Hollywood area of Los Angeles and sold controlled substances to the drug customers.

Overt Act No. 5:    On March 10, 2022, defendants MUNOZ and HALL met in a stash house in the Hollywood area of Los Angeles and packaged controlled substances for sale.

Overt Act No. 6:    On March 11, 2022, defendants MUNOZ, PEREZ, and REAMS, along with other co-conspirators, visited a stash house in the Hollywood area of Los Angeles and packaged controlled substances for sale.

Overt Act No. 7:    On April 30, 2022, defendants MEDINA and REAMS, in electronic communications using coded language, discussed money that defendant REAMS collected from selling controlled substances.

Overt Act No. 8:    On May 5, 2022, defendants MEDINA and GANDARA, in electronic communications using coded language, discussed a large sale of controlled substances including "perks," code for Percocet, and "windows," code for methamphetamine.

Overt Act No. 9:    On June 15, 2022, defendants MEDINA and GANDARA, in electronic communications using coded language, discussed sending controlled substances to a drug customer.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about March 13, 2022, in Los Angeles County, within the Central District of California, defendants JOSE LOUIS MEDINA, JR., also known as ("aka") "Johnny Rivera," aka "Johnny Omar Rivera," LUIS EDUARDO PEREZ, ANTHONY RAUL PONCE PADILLA, MANUAL GANDARA, KEIYONCE MONIQUE HALL, EDGAR MARTINEZ MUNOZ, and TAYLIN DANIAL REAMS, each aiding and abetting the other, knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 4,025 grams, of methamphetamine, a Schedule II controlled substance.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about March 13, 2022, in Los Angeles County, within the Central District of California, defendants JOSE LOUIS MEDINA, JR., also known as ("aka") "Johnny Rivera," aka "Johnny Omar Rivera," LUIS EDUARDO PEREZ, ANTHONY RAUL PONCE PADILLA, MANUAL GANDARA, KEIYONCE MONIQUE HALL, EDGAR MARTINEZ MUNOZ, and TAYLIN DANIAL REAMS, each aiding and abetting the others, knowingly and intentionally possessed with intent to distribute at least 40 grams, that is, approximately 181.1 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(C); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about March 13, 2022, in Los Angeles County, within the Central District of California, defendants JOSE LOUIS MEDINA, JR., also known as ("aka") "Johnny Rivera," aka "Johnny Omar Rivera," LUIS EDUARDO PEREZ, ANTHONY RAUL PONCE PADILLA, MANUAL GANDARA, KEIYONCE MONIQUE HALL, EDGAR MARTINEZ MUNOZ, and TAYLIN DANIAL REAMS, each aiding and abetting the others, knowingly and intentionally possessed with intent to distribute cocaine, a Schedule II narcotic drug controlled substance.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about June 30, 2022, in Los Angeles County, within the Central District of California, defendants JOSE LOUIS MEDINA, JR., also known as ("aka") "Johnny Rivera," aka "Johnny Omar Rivera," LUIS EDUARDO PEREZ, ANTHONY RAUL PONCE PADILLA, MANUAL GANDARA, KEIYONCE MONIQUE HALL, EDGAR MARTINEZ MUNOZ, and TAYLIN DANIAL REAMS, each aiding and abetting the others, knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 277.16 grams, of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

COUNT SIX

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about June 30, 2022, in Los Angeles County, within the Central District of California, defendants JOSE LOUIS MEDINA, JR., also known as ("aka") "Johnny Rivera," aka "Johnny Omar Rivera," LUIS EDUARDO PEREZ, ANTHONY RAUL PONCE PADILLA, MANUAL GANDARA, KEIYONCE MONIQUE HALL, EDGAR MARTINEZ MUNOZ, and TAYLIN DANIAL REAMS, each aiding and abetting the others, knowingly and intentionally possessed with intent to distribute at least 40 grams, that is, approximately 131.9 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT SEVEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(C); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about June 30, 2022, in Los Angeles County, within the Central District of California, defendants JOSE LOUIS MEDINA, JR., also known as ("aka") "Johnny Rivera," aka "Johnny Omar Rivera," LUIS EDUARDO PEREZ, ANTHONY RAUL PONCE PADILLA, MANUAL GANDARA, KEIYONCE MONIQUE HALL, EDGAR MARTINEZ MUNOZ, and TAYLIN DANIAL REAMS, each aiding and abetting the others, knowingly and intentionally possessed with intent to distribute cocaine, a Schedule II narcotic drug controlled substance.

COUNT EIGHT

[21 U.S.C. § 856(a)(1); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

Beginning on an unknown date, and continuing until on or about March 13, 2022, in Los Angeles County, within the Central District of California, and elsewhere, defendants JOSE LOUIS MEDINA, JR., also known as ("aka") "Johnny Rivera," aka "Johnny Omar Rivera," LUIS EDUARDO PEREZ, ANTHONY RAUL PONCE PADILLA, MANUAL GANDARA, KEIYONCE MONIQUE HALL, EDGAR MARTINEZ MUNOZ, and TAYLIN DANIAL REAMS, each aiding and abetting the others, knowingly opened, leased, rented, used, and maintained a place, that is, an office space located at 6051 Hollywood Boulevard, Unit No. 203, Los Angeles, California, for the purpose of distributing controlled substances, namely, methamphetamine, a Schedule II controlled substance, fentanyl, a Schedule II narcotic drug controlled substance, and cocaine, a Schedule II narcotic drug controlled substance.

COUNT NINE

[21 U.S.C. § 856(a)(1); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

Beginning on an unknown date, and continuing until on or about June 30, 2022, in Los Angeles County, within the Central District of California, and elsewhere, defendants JOSE LOUIS MEDINA, JR., also known as ("aka") "Johnny Rivera," aka "Johnny Omar Rivera," LUIS EDUARDO PEREZ, ANTHONY RAUL PONCE PADILLA, MANUAL GANDARA, KEIYONCE MONIQUE HALL, EDGAR MARTINEZ MUNOZ, and TAYLIN DANIAL REAMS, each aiding and abetting the others, knowingly opened, leased, rented, used, and maintained a place, that is, a residence located at 10571 Andasol Avenue, Granada Hills, California, for the purpose of distributing controlled substances, namely, methamphetamine, a Schedule II controlled substance, fentanyl, a Schedule II narcotic drug controlled substance, and cocaine, a Schedule II narcotic drug controlled substance.

COUNT TEN

[21 U.S.C. § 860a; 18 U.S.C. § 2(a)]

[DEFENDANTS MEDINA AND REAMS]

On or about March 13, 2022, in Los Angeles County, within the Central District of California, defendants JOSE LOUIS MEDINA, JR., also known as ("aka") "Johnny Rivera," aka "Johnny Omar Rivera," and TAYLIN DANIAL REAMS, each aiding and abetting the other, knowingly and intentionally possessed with intent to distribute methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), as charged in Count Two of this Indictment, on a premises in which, at that time, an individual who was under the age of 18 years was present, namely, a two-year-old child.

COUNT ELEVEN

[21 U.S.C. § 860a; 18 U.S.C. § 2(a)]

[DEFENDANTS MEDINA AND REAMS]

On or about June 30, 2022, in Los Angeles County, within the Central District of California, defendants JOSE LOUIS MEDINA, JR., also known as ("aka") "Johnny Rivera," aka "Johnny Omar Rivera," and TAYLIN DANIAL REAMS, each aiding and abetting the other, knowingly and intentionally possessed with intent to distribute methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(viii), as charged in Count Five of this Indictment, on a premises in which, at that time, an individual who was under the age of 18 years was present, namely, a two-year-old child.

COUNT TWELVE

[18 U.S.C. §§ 924(c)(1)(A)(i), 2(a)]

[DEFENDANTS MEDINA, PEREZ, AND PADILLA]

On or about March 13, 2022, in Los Angeles County, within the Central District of California, defendants JOSE LOUIS MEDINA, JR., also known as ("aka") "Johnny Rivera," aka "Johnny Omar Rivera," LUIS EDUARDO PEREZ, and ANTHONY RAUL PONCE PADILLA, each aiding and abetting the other, knowingly carried a firearm, namely, an ABC Rifle Company, model ABC-15, multi-caliber semi-automatic pistol, bearing serial number 77-5521, during and in relation to, and possessed such firearm in furtherance of, drug trafficking crimes, namely, Conspiracy to Possess with Intent to Distribute Methamphetamine, Fentanyl, and Cocaine, in violation of Title 21, United States Code, Section 846, as charged in Count One of this Indictment, Possession with Intent to Distribute Methamphetamine, Fentanyl, and Cocaine in violation of Title 21, United States Code, Section 841, as charged in Counts Two through Four of this Indictment, and Maintaining a Drug Involved Premises in violation of Title 21, United States Code Section 856(a)(1), as charged in Count Eight of this Indictment.

COUNT THIRTEEN

[18 U.S.C. § 922(g)(1)]

[DEFENDANT MEDINA]

On or about March 13, 2022, in Los Angeles County, within the Central District of California, defendant JOSE LOUIS MEDINA, JR., also known as ("aka") "Johnny Rivera," aka "Johnny Omar Rivera," knowingly possessed the following firearm and ammunition, each in and affecting interstate and foreign commerce:

1.   an ABC Rifle Company, model ABC-15, multi-caliber semi-automatic pistol, bearing serial number 77-5521;

2.   52 rounds of Lake City .223 Rem caliber ammunition; and

3.   15 rounds of Blazer 9mm Luger caliber ammunition.

Defendant MEDINA possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.   Aggravated Assault, in violation of Title 18 of the Pennsylvania Consolidated Statutes, Section 2702(a)(4), in the Court of Common Pleas, Chester County, Pennsylvania, case number 3103-09, on or about January 24, 2013; and

2.   Firearms Possessed without a License, in violation of Title 18 of the Pennsylvania Consolidated Statutes, Section 6106(a), in the Court of Common Pleas, Chester County, Pennsylvania, case number 3103-09, on or about January 24, 2013.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853]

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, in the event of any defendant's conviction of the offenses set forth in any of Count One, Ten or Eleven.

2.   Any defendant so convicted shall forfeit to the United States of America the following:

(a)   All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which said defendant obtained, directly or indirectly, from any such offense;

(b)   All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense; and

(c)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.   Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in

17

value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1.     Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts Two through Nine of this Indictment.

2.     Any defendant so convicted shall forfeit to the United States of America the following:

(a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which said defendant obtained, directly or indirectly, from any such offense;

(b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.     Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted, shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold

to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION THREE

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.     Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in either of Counts Twelve or Thirteen of this Indictment.

2.     Any defendant so convicted shall forfeit to the United States of America the following:

(a)   All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.     Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been

///

21

placed beyond the jurisdiction of the court; (d) has been

substantially diminished in value; or (e) has been commingled with

other property that cannot be divided without difficulty.


                                        A TRUE BILL


                                        /S/
                                        Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division



SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, General Crimes
Section

SARAH S. LEE
Assistant United States Attorney
Major Frauds Section